UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | * | |
| **Plaintiff,** | * | CASE NO.: <u>1:14-cv-01242-CCB</u> |
| v. | * | |
| **JOHN DOE subscriber assigned IP address 76.21.155.140,** | * | |
| | * | |
| **Defendant.** | * | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING RESOLUTION OF SIMILARLY SITUATED LITIGATION

Plaintiff respectfully requests this Court deny the subject Motion to Stay (CM/ECF 7). Defendant argues that this Court should stay this case pending resolution of two motions filed by defendants in other cases brought by Plaintiff within this district. Defendant claims that the resolution of those motions "may affect this case," because those motions "raise numerous troubling aspects about the Malibu litigation, including the volume of lawsuits and a contention that Malibu pays the key witnesses in the cases pursuant to an 'oral contingency agreement.'" Motion, pp. 1-2. The resolution of those motions will not affect this litigation however and therefore, this case should not be stayed.

First, the volume of lawsuits filed by Plaintiff has no bearing on whether or not this case should proceed. To wit: just last week one court noted that the volume of lawsuits filed by Plaintiff is not indicative of wrongdoing or a reason to treat Plaintiff any differently than any other holder of intellectual property rights.

> It is certainly true that Malibu has filed a very large number of infringement suits in this district and in others. But <u>that is what the holders of intellectual property rights do when they are faced with mass infringement</u> . . . <u>The Court is hard-pressed to see why Malibu Media's large-volume litigation should be treated

1

<u>differently</u> from that of Coach or other intellectual property rights holders simply because Malibu's intellectual property rights involve pornographic films.

*Malibu Media, LLC v. Doe*, 2014 WL 2581168, at *2 (N.D. Ill. June 9, 2014).

Additionally, the "oral contingency agreement" is of no consequence to this lawsuit because the issue does not affect any case filed in 2014. To explain, in January 2014 Plaintiff and its investigator entered into a written agreement through which IPP provides its services to Plaintiff. This case was originally filed on April 13, 2014 – well after the oral contingency issue was mooted. As such, the issues affecting those other cases have no bearing on any issue or determination in this case.

Finally, Defendant states that "[a] brief stay of this matter will not prejudice the Plaintiff and is in the best interest of justice and judicial economy." Motion, p. 3. However, neither justice nor judicial economy will be served by granting the instant Motion since none of the issues raised by Defendant are relevant to this case. As such, granting the instant Motion will only protract the litigation unnecessarily and prejudice the parties' ability to achieve efficient resolution of the matter.

For the foregoing reasons, Plaintiff respectfully requests this Court deny the subject Motion.

Dated: June 16, 2014

Respectfully submitted,

MALIBU MEDIA, LLC.
PLAINTIFF

By: /s/*Jon A. Hoppe*
Jon A. Hoppe, Esquire #6479
Counsel
Maddox, Hoppe, Hoofnagle &
   Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, Maryland 20774
(301) 341-2580

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 16, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                                            By:  /s/*Jon A. Hoppe*